UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(SOUTHERN DISTRICT)

| | |
|---|---|
| ROBERT HARDEN )<br>323 E. Maplewood Avenue, )<br>Dayton, Ohio 45405, )<br>   )<br>   *Plaintiff*   )<br>   )<br>   V.   )<br>   )<br>   )<br>BUDGET RENT A CAR SYSTEM, )<br>INC., AVIS BUDGET CAR   )<br>RENTAL,LLC, AVIS RENT A CAR )<br>SYSTEM,LLC, AVIS BUGET   )<br>GROUP, INC.   )<br>   )<br>   *Defendants*   )<br>   )<br>   And,   )<br>   )<br>NISSAN NORTHAMERICA, INC. )<br>   )<br>   *Defendant*   )<br>   )<br>   )<br>   ) | CASE NO. 22-1790<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff Robert Harden, and for his Complaint against Defendants Budget Rent A Car System, Inc., Avis Budget Car Rental, LLC, Avis Rent A Car

System, LLC, Avis Budget Group, Inc. and Nissan of North America, Inc. states as follows:

## Case Summary

This is an action for damages arising out of serious permanent life altering injuries sustained by Plaintiff Robert Harden because of Defendants' negligence in providing to him a defective Nissan Titan truck which mechanically malfunctioned. This action is also for strict liability, breach of implied warranty, Violation of the Maryland Consumer Protection Act and punitive damages.

## Jurisdiction and Venue

1. Personal jurisdiction exists over Defendants as they are doing business and have the necessary minimum contacts within the State of Maryland. Personal jurisdiction exists over Defendants as the cause of action arose in this judicial district and Defendants transact business within this district.

2. Jurisdiction is founded on diversity, pursuant to 28 U.S.C. § 1332(a) because the parties in this civil action are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Exxon Mobil Corp., 545 U.S. at 552; see § 1332(a).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

4. At all relevant times up to and including the events in this action, Plaintiff Robert Harden was a resident of 323 E. Maplewood Avenue, Dayton, Ohio 45405.

5. Defendant Budget Rent A Car System, Inc. ("Budget") is, and at all times relevant to this Complaint was, a New Jersey Corporation with its principal place of business at 6 Sylvan Way, Parsippany, New Jersey, 07054. Defendant Budget Rent A Car System, Inc. is and was at all times relevant herein doing business in and/or having directed its activities in Maryland, and specifically this judicial district. Defendant Budget rents out vehicles in Maryland.

6. Defendant Avis Budget Car Rental, LLC ("Budget") is, and at all times relevant to this Complaint was, a Delaware Corporation with its principal place of business at 2711 Centerville Road, Wilmington, DE 19808. Defendant Avis Budget Car Rental, LLC. is and was at all times relevant herein doing business in and/or having directed its activities in Maryland, and specifically this judicial district. Defendant Avis Budget rents out vehicles in Maryland. Defendant owned and operated the Budget rental office that rented out the car to Plaintiff Harden.

7. Defendant Avis Rent A Car System, LLC ("Budget") is, and at all times relevant to this Complaint was, a Delaware Corporation with its principal place of business at 2711 Centerville Road, Wilmington, DE 19808.

Defendant Avis Rent A Car System, L.L.C. is and was at all times relevant herein doing business in and/or having directed its activities in Maryland, and specifically this judicial district. Defendant Avis Rent A Car System, L.L.C. rents out vehicles in Maryland. Defendant owned and operated the Budget rental office that rented out the Nissan truck to Plaintiff Harden.

8. Defendant Avis Budget Group, Inc. ("Budget") is, and at all times relevant to this Complaint was, a New Jersey Corporation with its principal place of business at 6 Sylvan Way Ste 1, Parsippany, NJ 07054. Defendant Avis Budget Group, Inc.. is and was at all times relevant herein doing business in and/or having directed its activities in Maryland, and specifically this judicial district. Defendant Avis Budget Group, Inc. is the parent company of Avis Car Rental, Budget Car Rental and Budget Truck Rental which rent out vehicles in Maryland. Defendant owned and operated the Budget rental office that rented out the Nissan truck to Plaintiff Harden.

9. Upon information and belief Defendants Avis Rent A Car and Budget Rent A Car are each wholly owned subsidiaries of Avis Budget Group and / or Avis Budget Car Rental. At all times material herein, Defendant Avis Budget Group, acting jointly with and/or in control of Avis Budget Rental, Avis Rent A Car and/or Budget Rent A Car.

10. Defendant Nissan North America, Inc. ("Nissan") is, and at all times relevant to this Complaint was, a Tennessee Corporation with its principal place of business at One Nissan Way, Franklin, Tennessee, 37067. Defendant Nissan

4

North America, Inc. is and was at all times relevant herein doing business in and/or having directed its activities in Maryland, and specifically this judicial district.

## FACTUAL ALLEGATIONS

1. On October 12, 2019, Plaintiff Robert Harden rented a car from Budget Car rental at Baltimore Washington International Airport. The specific car was a Nissan Titan 4X4, license plate VA USU 3850: Budget Car No.91548026.

2. Plaintiff Harden was visiting the Washington DC metropolitan area on vacation.

3. Plaintiff Harden was not advised by Budget that the car had serious mechanical issues and was not given notice that this particular type of car had been recalled by Nissan.

4. Harden unaware of the defects proceeded to drive the vehicle on the Baltimore–Washington Parkway, a highway in the state of Maryland, running southwest from Baltimore to Washington, DC. While Plaintiff was driving, the car malfunctioned with the steering wheel becoming completely stiff, the engine stalled and the vehicle became inoperable veering off the highway and crashing into a ditch and a tree.

5. Plaintiff became unconscious due to the accident suffering a concussion and was awoken when the U.S Park Service Police had appeared at the scene of the accident.

6. Mr. Harden sustained serious permanent bodily injury as a result of this accident for which he has no specific date of Maximum Medical Improvement.

7. Budget as a rental car company had the responsibility to provide efficient, safe, and regularly inspected vehicles.

8. Budget by its actions failed to do routine maintenance, failed to adhere to product recalls by not renting out recalled vehicles, performing needed repairs, or not checking the status of vehicles before and after the car was rented.

9. Budget indicated to Harden that the car was fit for purpose and misrepresented the mechanical condition of the car.

10. After the accident Mr. Harden followed the proper post-accident procedures such as notifying emergency personnel, reporting the incident to police, and contacting the insurance company. He also provided notification and reports to Budget Rent a Car.

11. On or about July 17, 2019 the U.S Department of Transportation, National Highway Traffic Safety Administration (NHTSA) wrote to Nissan North America Inc. indicating that they had been made aware of defects in the 2019 Nissan Titan, light duty trucks with the potential number of vehicles affected being 91,319 nationwide.

12. The NHTSA noted that the alternator harness may have been damaged during the engine installation process possibly resulting in an electrical

short. Further, that an electrical short may cause an engine to stall, increasing the risk of a crash. It also increased the risk of a fire.

13. Nissan had the responsibility to provide efficient, safe, and regularly inspected vehicles. Nissan by its actions failed to adhere to proper safety protocols for this vehicle and released a dangerous product into the stream of commerce.

14. Nissan indicated to Harden that the car was fit for purpose and misrepresented the mechanical condition of the car. After the accident Mr. Harden followed the proper post-accident procedures such as notifying emergency personnel, reporting the incident to police, and contacting the insurance company. He also provided notification and reports to Nissan.

15. As a direct and proximate result of defects in the Nissan truck, the Plaintiff has suffered and will continue to suffer damages, including, but not limited to, past, present, and future pain and suffering, disability, disfigurement, expenses for medical, hospital, monitoring, rehabilitative and pharmaceutical costs, and lost wages or earnings.

## CAUSES OF ACTION

### Count 1

**(Strict Liability - Nissan and Budget)**

16. Plaintiff restates and incorporates by reference herein the allegations of preceding paragraphs above.

17. The Defendant Nissan designed, manufactured, distributed, and sold the Nissan Titan vehicle, which was rented out by Budget to Plaintiff Harden.

18. The vehicle was defectively designed and manufactured, and was distributed and sold without the provision of reasonable instructions or warnings regarding the foreseeable risks of harm posed by this defective Nissan truck. Despite knowledge of design defects in the Nissan Titan Model 2019 , Nissan included no warnings or instructions regarding the potential risk of spontaneous malfunction of the steering wheel, the engine stalling in the vehicles or their operator manuals, advertising brochures, or other packaging, promotional or instructional material.

19. Defendants Budget similarly took no action to post a warning of this hazard in their Nissan Titan Model 2019 vehicles, or otherwise warn their customers of this potential hazard.

20. The failure of Defendants, and each of them, to include such a warning or instruction in the vehicle and/or in promotional or instructional material rendered the vehicle defective for lack of an adequate warning.

21. The abovesaid defects in the vehicle existed at the time the vehicle caused the Plaintiff's harm, and at the time the device was in the Defendants' possession or control. At the time of the incident the vehicle was owned by Defendants Budget, who purchased the vehicle from Defendant Nissan.

22. The Budget Defendants jointly participated in a vehicle sharing arrangement, as a result of which the vehicle owned by Budget was rented to Robert Harden by Defendant Budget Rent A Car.

23. Accordingly, the Budget Defendants and Defendant Nissan were each participants in the chain of distribution that resulted in the use of the vehicle by Robert Harden at the time of the incident. On or about July 17, 2019 the U.S Department of Transportation, National Highway Traffic Safety Administration (NHTSA) wrote to Nissan North America Inc. indicating that they had been made aware of defects in the 2019 Nissan Titan, light duty trucks with the potential number of vehicles affected being 91,319 nationwide.

24. The NHTSA noted that the alternator harness may have been damaged during the engine installation process possibly resulting in an electrical short. Further, that an electrical short may cause an engine to stall, increasing the risk of a crash. It also increased the risk of a fire.

25. The vehicle was in a defective and unreasonably dangerous condition when it left the Defendants' possession, and it reached the Plaintiff without a substantial change in its condition. Such vehicle was defective in design in that, among other things: (a) the product failed to operate as safely as an ordinary user or consumer would expect; (b) safer alternative designs were available; and (c) the risks of the vehicle's design outweighed any purported benefit of that design.

26. The Plaintiff suffered harm as a direct and proximate result of the unreasonably dangerous condition of the vehicle.

27. WHEREFORE, the Plaintiff demands judgment against the Defendants for an amount in excess of the jurisdictional limit of the court including economic and non-economic damages, together with interest and costs, and demands a trial by jury of all issues triable by a jury as of right.

## Count 2

### (Negligence - Nissan and Budget)

28. Plaintiff restates and incorporates by reference herein the allegations of preceding paragraphs above.

29. Defendant Nissan had a duty to design, manufacture, distribute, and sell the vehicle in a manner making the vehicle reasonably safe for its intended use and for other foreseeably probable uses.

30. Defendant Nissan breached the abovesaid duty by designing, manufacturing, distributing, and selling the vehicle in a defective condition, posing an unreasonable risk of harm to the Plaintiff and other users.

31. Nissan failed to warn drivers about the enhanced risk of steering malfunction, engine stalling, brake and emergency brake malfunction and Budget did nothing to inform drivers about previous recalls issued over steering malfunction, engine stalling, brake and emergency brake malfunction during operation and other defects of the Nissan Titan Truck Model 2019.

32. In developing their steering wheel and brake design, Nissan owed a duty of reasonable care to design and test their product in a manner that would detect defects such as the one(s) that caused their vehicles to spontaneously have the steering wheel malfunction, and the engine stalling during operation of the vehicle.

33. The decision of Nissan, to design, develop, manufacture, and market a Nissan Titan truck Model 2019 design without sufficient testing to detect such an obvious flaw was negligent, and such negligence was a direct, proximate and/or legal cause of the incident and of Plaintiffs' resulting injuries and damages.

34. The Plaintiff suffered harm as a direct and proximate result of the abovesaid breach of duty by the Defendant Nissan.

35. Defendants' failure to warn of the potential for a Nissan Titan 2019 Model truck becoming completely inoperable during operation was negligent and more likely of a much higher degree of culpability.

36. Defendant Budget, being engaged in a day-to-day business of renting motor vehicles to the public, knew or should have known of the potential for the Nissan Titan Model 2019 truck engine and steering wheel stalling, becoming spontaneously inoperable during driving and knew or should have known that renting such vehicles to customers presented an unreasonable risk of harm to them.

37. Budget advised Harden that the car was safe to drive and rented out an unsafe vehicle failing to exercise reasonable care to ensure that Harden was safe.

38. Budget failed to warn Harden of the potential risk of the Nissan Titan 2019 model becoming spontaneously inoperable with the engine stalling during driving such that Harden would make an informed decision whether to rent the vehicle which caused Harden to sustain injuries as a result of this negligent conduct.

39. Defendants failed to take reasonable steps to ensure the safety of customers.

40. As a direct and proximate result of Defendants' negligence, Plaintiff Harden has suffered and will continue in the future to suffer economic and non-economic damages.

41. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered substantial damages, which will be proven at trial.

42. WHEREFORE, the Plaintiff demands judgment against the Defendants for an amount in excess of the jurisdictional limit of the court including economic and non-economic damages, together with interest and costs, and demands a trial by jury of all issues triable by a jury as of right.

## Count 3

### (Breach of Implied Warranty - Nissan and Budget)

43. Plaintiff restates and incorporates by reference herein the allegations of preceding paragraphs above.

44. By the above acts, Defendants breached Implied warranties attached to the Nissan Titan Model 2019 truck that was rented to Harden.

45. Defendants placed the Nissan Vehicle in the stream of commerce making it accessible to the public through sale or rental.

46. Defendants breached the warranty that the vehicle was fit for purpose instead renting to Mr. Harden a wreck.

47. The vehicle's steering wheel and brakes spontaneously became inoperable when Harden was driving the car and was thus not fit for the purpose for which it would be ordinarily used. Harden relied on Defendants' skill or judgment in selecting the Nissan truck as s rental to meet his particular purpose.

48. Defendants breached the warranty of merchantability by the sale or rental of the Nissan Titan vehicle with its defects or flaws which caused it to spontaneously malfunction during operation by Harden.

49. The Nissan Titan vehicle that was rented out to Harden was not merchantable at the time of sale or rental.

50. Harden was injured by the Nissan vehicle and the defect or condition of the vehicle amounting to the breach of the warranty of merchantability caused the injury and substantial damages to Harden.

51. Harden so injured timely gave notice to Budget and Nissan within one day of the accident.

52. WHEREFORE, the Plaintiff demands judgment against the Defendants for an amount in excess of the jurisdictional limit of the court including economic and non-economic damages, attorneys fees, together with interest and costs, and demands a trial by jury of all issues triable by a jury as of right.

## Count 4

**(Punitive Damages - Nissan and Budget)**

53. Plaintiff restates and incorporates by reference herein the allegations of preceding paragraphs above.

54. By the above acts, Defendants are liable to Plaintiff Harden for punitive damages. Defendants had actual knowledge of the defects in the Nissan Titan truck and deliberately disregarded a known risk of harm to others including Mr. Harden. Defendant Nissan demonstrated a callous disregard for the health and safety of its customers and the public who purchase or rent their vehicles warranting that punitive damages should be assessed against them.

55. On or about July 17, 2019 the U.S Department of Transportation, National Highway Traffic Safety Administration (NHTSA) wrote to Nissan North America Inc. indicating that they had been made aware of defects in the 2019 Nissan Titan, light duty trucks with the potential number of vehicles affected being 91,319 nationwide.

56. The NHTSA noted that the alternator harness may have been damaged during the engine installation process possibly resulting in an electrical short. Further, that an electrical short may cause an engine to stall, increasing the risk of a crash. It also increased the risk of a fire.

57. Mr. Harden should be awarded punitive damages by Defendants to punish the defendants for egregiously bad conduct toward the plaintiff, [and] also to deter the defendants and others contemplating similar reckless behavior.

58. WHEREFORE, the Plaintiff demands judgment against the Defendants for punitive damages in the amount of $10,000,000 together with interest and costs, and demands a trial by jury of all issues triable by a jury as of right

## Count 5

**(Breach of the Maryland Consumer Protection Act - Nissan and Budget)**

59. Plaintiff restates and incorporates by reference herein the allegations of preceding paragraphs above.

60. The Maryland Consumer Protection Act prohibits any person from engaging "in any unfair, abusive, or deceptive trade practice" in the "sale, lease, rental, loan, or bailment of any consumer goods, consumer realty, or consumer services[.]" Md. Code, (Repl. Vol. 2013), Commercial Law ("CL") § 13-303. The Act defines unfair, abusive, or deceptive trade practices to include: making a false or misleading oral or written – statement that has the capacity or effect of deceiving or misleading consumers; representing that consumer goods or services have a characteristic, use, or benefit that

15

they do not possess; representing that consumer goods or services are of a particular standard or quality that they do not possess; and failing to state a material fact that deceives or tends to deceive. CL § 13-301.

61. By the above acts, Defendants Nissan and Budget violated the Maryland Consumer Protection Act. Harden was a consumer with in the meaning of CL § 13- 101(c)(1) as a person renting the vehicle from Budget.

62. Defendants made representations which were false and misleading including that the vehicle was fit for purpose to be driven on his vacation. The representations deceived Harden and caused him serious damages.

63. WHEREFORE, the Plaintiff demands judgment against the Defendants for an amount in excess of the jurisdictional limit of this court including economic and non-economic damages, together with attorneys fees, interest and costs, an and all available relief.

## JURY DEMAND

**Plaintiff, by counsel, requests a trial by jury on all issues**

Respectfully submitted and dated on this 21st day of July, 2022

**KNA PEARL**
By:
_____/s/_____
Andrew Nyombi, Esquire
CPF No.1312180297
9300 Colesville Road
Silver Spring, MD 20901
301-585-1568 (Office)
800-250-7923 (Fax)
anyombi@knapearl.com
*Attorney for  Plaintiff Robert Harden*