## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (SOUTHERN DIVISION)

| | | |
|---|---|---|
| **ROBERT HARDEN**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No.: GLS 22-1790 |
| | ) | |
| **BUDGET RENT A CAR SYSTEM, INC.,** *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### MEMORANDUM OPINION

This case is before the undersigned for all proceedings with the consent of the parties pursuant to 28 U.S.C. § 636(c). (ECF No. 26).

Pending before this Court are the following: (1) "Defendant Nissan North America, Inc.'s Motion to Dismiss" ("NNA Motion"), filed by Defendant Nissan North America Inc. ("Defendant NNA") (ECF No. 94); (2) "Avis/Budget Defendants' Partial Motion to Dismiss Count VI, and Count VII of, and all Claims for Punitive Damages in, Plaintiff's Third Amended Complaint," and memorandum in support thereto ("Avis/Budget Motion"), filed by Defendants Budget Rent A Car System, Inc., Avis Budget Car Rental, LLC, Avis Rent A Car System, LLC, and Avis Budget Group, Inc. (collectively "Avis/Budget Defendants") (ECF Nos. 95, 95-1); and (3) "Defendant, Chapman Nissan, LLC's Motion to Dismiss" ("Chapman Nissan Motion"), filed by Defendant Chapman Nissan, LLC ("Defendant Chapman Nissan") (ECF No. 97). The Court will refer to all of the aforementioned pleadings collectively as "the Motions," and individually as set forth above. Plaintiff Robert Harden ("Plaintiff") has responded, and the matters have been fully briefed, *see* ECF Nos. 98-103. Thus, no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023).

For the reasons set forth more fully below, the Motions are **GRANTED**.

# I.    BACKGROUND

## A.  Procedural Background

On July 21, 2022, Plaintiff filed the Complaint against the Avis/Budget Defendants and Defendant NNA alleging the following causes of action: Count I: strict liability; Count II: negligence; Count III: breach of implied warranty; Count IV: punitive damages; Count V: violations of the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, §13-303. (ECF No. 1).

On October 7, 2022, Defendant Budget Rent A Car System, Inc. filed its Answer. (ECF No. 20). On October 25, 2022, Defendant NNA filed its Answer. (ECF No. 33). On October 27, 2022, the remaining Avis/Budget Defendants filed their Answers. (ECF Nos. 36-38).

On November 15, 2022, the Court held a Fed. R. Civ. P. 16 teleconference, wherein the Court granted the requests of the Plaintiff, the Avis/Budget Defendants, and Defendant NNA to modify the Scheduling Order. (ECF Nos. 49, 51).

On January 18, 2023, Plaintiff timely filed the First Amended Complaint, wherein he named Defendant Chapman Nissan to the suit and alleged additional counts against all Defendants. (ECF No. 53). The First Amended Complaint contained the following causes of action: Count I: strict liability; Count II: negligence; Count III: breach of implied warranty; Count IV: punitive damages; Count V: violations of the Maryland Consumer Protection Act, Md. Code, Com. Law, §13-303; Count VI: breach of contract; Count VII: breach of express warranties; Count VIII: common law fraud; Count IX: negligent misrepresentation. (*Id.*).[1]

On February 2, 2023, the Avis/Budget Defendants and Defendant NNA filed a joint letter request to file motions to dismiss. (ECF No. 58). On February 10, 2023, the Avis/Budget

---

[1] Count VI (breach of contract) was only brought against the Avis/Budget Defendants. The remaining counts were brought against all Defendants.

Defendants and Defendant NNA supplemented their letter request to include Plaintiff's agreement to file a Second Amended Complaint that would not include the negligent misrepresentation claim against Defendant NNA, and would provide additional details related to the breach of express warranty and common law fraud claims. (ECF No 60). The Court liberally construed ECF No. 60 as Plaintiff's request for leave to file a Second Amended Complaint and the Defendants' consent related thereto. Accordingly, the Court set the deadline to file the Second Amended Complaint for February 27, 2023. (ECF No. 62).

On February 27, 2023, Plaintiff filed the Second Amended Complaint alleging the following causes of action: Count I: strict liability; Count II: negligence; Count III: breach of implied warranty; Count IV: violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312; Count V: violations of the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, §13-303; Count VI: breach of contract; Count VII: breach of express warranties; Count VIII: common law fraud; Count IX: negligent misrepresentation. (ECF No. 65).[2]

On March 13, 2023, the Avis/Budget Defendants and Defendant NNA again filed letter requests to file a motion to dismiss. (ECF Nos. 68, 69). Thereafter, the Court ordered Plaintiff to file letter responses thereto by no later than April 4, 2023, which were timely filed. (ECF Nos. 70, 72, 73).

On April 7, 2023, Plaintiff served the summons and the Second Amended Complaint upon Defendant Chapman Nissan. (ECF No. 75).

As is relevant here, on April 14, 2023, upon review of the relevant pleadings, the Court issued an order: (1) dismissing Count IV in its entirety; and (2) dismissing punitive damages claims pleaded in Counts III, V, VI, and VII. (ECF No. 76).

---

[2] Count VI (breach of contract) and Count IX (negligent misrepresentation) were only brought against the Avis/Budget Defendants. The remaining counts were brought against all Defendants.

On May 9, 2023, the Court held a telephonic status conference, during which the Court: (1) granted Plaintiff's request to file the Third Amended Complaint; (2) set the deadline for Defendant Chapman Nissan to file a responsive pleading to the Third Amended Complaint; (3) set the briefing schedule for Defendant NNA and the Avis/Budget Defendants' motions to dismiss; and (4) struck Defendant NNA's and the Avis/Budget Defendants' Amended Answers seeking leave to file a motion to dismiss, ECF Nos. 80-84. (ECF No. 87). May 9 also marks the date that counsel for Defendant Chapman Nissan first entered his appearance in this case, and first appeared before the Court. (ECF Nos. 85, 86).

On May 16, 2023, Plaintiff filed the Third Amended Complaint, appending thereto as exhibits the Nissan Titan 2019 Warranty Information Booklet ("Warranty Booklet") and Nissan Titan 2019 Owner's Manual ("Owner's Manual") (ECF No. 89, "Third Amended Complaint;" ECF No. 90, the "Warranty Booklet;" ECF No. 90-1, "Owner's Manual"). The Third Amended Complaint alleges the following causes of action: Count I: strict liability; Count II: negligence; Count III: breach of implied warranty; Count IV: violations of the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, §13-303; Count V: breach of contract; Count VI: breach of express warranties; Count VII: common law fraud; Count VIII: negligent misrepresentation. (Third Amended Complaint, ¶¶ 45-137). Count V (breach of contract) and Count VIII (negligent misrepresentation) are only brought against the Avis/Budget Defendants. The remaining counts are brought against all Defendants.

Subsequently, Defendant Chapman Nissan filed a notice of intent to file a partial motion to dismiss contemporaneously with its partial Answer. (ECF Nos. 91, 92). Thereafter, the Court granted ECF No. 91, and set the briefing schedule for Defendant Chapman Nissan's motion to dismiss. (ECF No. 93).

The parties complied with the Court's motion to dismiss briefing schedules by filing their respective pleadings. (ECF Nos. 94, 95, 97-103).

### B. Factual Background[3]

Defendant NNA manufactured and distributed a Nissan Titan 4X4, license plate VA USU 3850, Budget Car No. 91548026 ("the subject vehicle") to Defendant Chapman Nissan, a Pennsylvania Nissan dealership. (Third Amended Complaint, ¶¶ 10, 11, 13, 36, 46, 124). The Avis/Budget Defendants purchased the subject vehicle from Defendant Chapman Nissan to market as a rental car. (*Id.*, ¶ 5-9, 11, 51, 76, 124).

On October 12, 2019, Plaintiff Robert Harden entered the Avis/Budget Defendants' Maryland office located at the Baltimore Washington International Airport ("BWI"). (*Id.*, ¶¶ 5-9, 13, 14). Before agreeing to rent the subject vehicle, an Avis/Budget representative told Plaintiff that the subject vehicle would be a great fit for Plaintiff's vacation in the Washington, D.C. metro area. (*Id.*, ¶¶ 13, 14). The representative further stated that the Avis/Budget Defendants had "thoroughly inspected the subject vehicle, and that everything in it was in working condition." (*Id.*, ¶ 14). The Avis/Budget Defendants' "manuals, brochures, booklets, and advertisements" also warranted that the subject vehicle was a "safe, reliable, working and good-status car." (*Id.*, ¶ 112). In addition, the Avis/Budget rental agreement warranted that the subject vehicle was in "good working condition" and "would be reliable, working, and of good quality." (*Id.*, ¶¶ 110, 111). The rental agreement did not indicate that the subject vehicle was defective or the subject of safety and service campaigns. (*Id.*, ¶ 126).

Inside of the subject vehicle were two publications: the Warranty Booklet and the Owner's Manual. (*Id.*, ¶¶ 15, 18, 21, 26, 109).

---

[3] Unless otherwise noted, the facts are taken from the Third Amended Complaint, ECF Nos. 89, 90. The facts are construed in the light most favorable to Plaintiff. *See Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023).

Both documents allegedly contained "express warranties" that the subject vehicle "would function as properly expected." (*Id.*, ¶¶ 15-19). Specifically, Defendant NNA made the following warranties in the Warranty Booklet:

> Nissan warrants all parts of your 2019 Nissan vehicle supplied by Nissan, except for those listed elsewhere under the caption "WHAT IS NOT COVERED". This warranty is provided to the original and subsequent owner(s) of a Nissan vehicle originally distributed by Nissan which is originally sold by a Nissan authorized Nissan dealership in the United States… This warranty is generally transferable from the original 'owner other than a Nissan dealer' (OWNER) to subsequent owners of the vehicle at any time ownership of the vehicle is transferred, without any action on your part…Your Nissan vehicle is manufactured to meet U.S. regulations and environmental requirements.

(*Id.*, ¶¶ 19, 106, 107; *see also* Warranty Booklet, p. 9).[4] Regarding the Owner's Manual, the Third Amended Complaint cites to the following paragraphs: ¶¶ 15,17, 26, 28.

Because Defendant Chapman Nissan purchased and subsequently sold the subject vehicle with the Warranty Booklet and Owner's Manual, Defendant Chapman Nissan made the express warranties to the Plaintiff, which are contained in the Warranty Booklet and allegedly contained in the Owner's Manual. (Third Amended Complaint, ¶¶ 11, 15, 17, 26, 28, 39, 76, 107, 124).

The subject vehicle's title required that the consumer contact Defendant NNA for warranty coverage and service eligibility. (*Id.*, ¶ 38).

Defendant NNA made additional warranties in the Basic Coverage, Powertrain Coverage, Engine, Transmission and Transaxle, and Drivetrain sections of the Warranty Booklet. (*Id.*, ¶¶ 21, 22, 39, 108; *see also* Warranty Booklet, p. 10). For example, the Basic Coverage allegedly contains the following express warranty:

> This warranty covers any repairs needed to correct defects in materials or workmanship of all parts and components of each new

---

[4] For the Court's analysis as to why it may appropriately consider the Warranty Booklet and Owner's Manual when resolving the motions to dismiss, *see* Section II.C., *infra*.

> Nissan vehicle supplied by Nissan subject to the exclusions listed
> under the heading "WHAT IS NOT COVERED" or, if the part is
> covered by one of the separate coverages described in the following
> sections of this warranty…

(Third Amended Complaint, ¶ 26, 106; *see also* Warranty Booklet, p. 10). Because the Warranty

Booklet provided warranties to subsequent owners of the subject vehicle, Defendant Chapman

Nissan and the Avis/Budget Defendants were allegedly required to make necessary repairs and

maintain the vehicle in a manner that would ensure safety of subsequent users. (Third Amended

Complaint, ¶¶ 19, 76; *see also* Warranty Booklet, p. 9).

In addition, the Warranty Booklet warranted that "the subject vehicle had good

workmanship and would function as expected." (*Id.*, ¶ 109).

The Avis/Budget representative's statements on October 12, 2019, coupled with the

warranties found in the Warranty Booklet and the warranties allegedly found in the Owner's

Manual, influenced Plaintiff to rent the subject vehicle. (*Id.*, ¶¶ 14, 20, 128, 134).

All Defendants knew that the subject vehicle was defective and failed to conform with the

warranties before Plaintiff rented it. (*Id.*, ¶ 127). (*See Id.*, ¶ 105). First, unbeknownst to Plaintiff,

on or about July 17, 2019, the National Highway Traffic Safety Administration ("NHTSA"), a U.S

Department of Transportation agency, informed Defendant NNA that defective alternator

harnesses on 91,319 2019 Nissan Titans may cause the engine to stall. (*Id.*, ¶¶ 34, 35, 52, 53).

Second, while Defendant NNA recalled subject vehicle due to safety concerns related to the

Rear Visibility System, Defendant NNA failed to remove the subject vehicle from the stream of

commerce. (*Id.*, ¶¶ 42, 54, 66, 68, 83, 122, 124). Third, Defendant NNA issued a service campaign

related to the subject vehicle's defective Engine Control Module ("ECM"), but did not recall the

subject vehicle on this basis. (*Id.*, ¶¶ 40, 41, 55, 69). Fourth, as subsequent owners of the subject

vehicle, Defendant Chapman Nissan and the Avis/Budget Defendants were responsible for

checking its recall status. (*Id.*, ¶¶ 11, 39, 72, 76, 107, 124). Fifth, Defendant Chapman Nissan and the Avis/Budget Defendants knew the subject vehicle's ECM was defective when they performed other repairs to the subject vehicle on August 13 and October 10, 2019. (*Id.*, ¶ 127).

The Defendants did not disclose that the subject vehicle had mechanical issues, defects, and was recalled. (*Id.*, ¶¶ 23, 24, 27, 71, 74, 125, 126). Thus, Plaintiff unknowingly rented the vehicle and drove it to Washington, D.C. (*Id.*, ¶¶ 27). While driving on the Baltimore–Washington Parkway, the subject vehicle malfunctioned as the engine, steering wheel, and brakes became inoperable, causing Plaintiff to crash into a ditch. (*Id.*, ¶¶ 27, 85). As a result, Plaintiff suffered a concussion, injured his neck, and fell unconscious until the United States Park Service Police arrived at the scene. (*Id.*, ¶¶ 27-29, 44, 50, 57, 65, 70, 77, 78, 114).

Following the incident, Plaintiff notified emergency personnel, reported the incident to the police, contacted his insurance company, and provided reports to the Defendants, as required by the following provision of the Warranty Booklet:

> As a condition of this warranty, you are responsible for properly using, maintaining and caring for your vehicle as outlined in your Owner's Manual, and maintain copies of all maintenance records & receipts for review by Nissan.

(*Id.*, ¶¶ 25, 27, 28, 33, 43, 89, 115; *see also* the Warranty Booklet, p. 9).

All Defendants were responsible for providing efficient, safe, and regularly inspected vehicles. (*Id.*, ¶¶ 30, 37, 110). Specifically, under the NHTSA, Defendants NNA and Chapman Nissan were required to ensure that the vehicles they placed in the stream of commerce were safe. (*Id.*, ¶ 37). In addition, the Warranty Booklet warranted that "[Defendant NNA] or an authorized dealership[, such as Defendant Chapman Nissan,] would cover repairs for a specified period of time." (*Id.*, ¶ 21). The Avis/Budget Defendants were responsible for ensuring the subject vehicle was safe per their rental agreement, which warranted that the subject vehicle was in good working

condition. (*Id.*, ¶¶ 30, 110, 111). Plaintiff makes sweeping generalizations that because the Defendants are in the business of selling and marketing vehicles, the Defendants were responsible for checking the recall status of its vehicles and performing routine maintenance services. (*Id.*, ¶¶ 30, 31, 37, 72, 76). Because the Defendants continued to market the subject vehicle as safe, despite being the subject of safety and service campaigns, Defendants misrepresented that it was fit for purpose. (*Id.*, ¶¶ 32, 43, 84, 95).

Plaintiff seeks economic, non-economic, and punitive damages for the injuries he sustained as a result of the incident. (*Id.*, ¶ 44).

## II.   LEGAL STANDARDS

### A.  Motion to Dismiss for Failure to State a Claim

A defendant who files a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the facts set forth in a complaint. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016); *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

When resolving a 12(b)(6) motion, a court accepts as true the **well-pleaded** allegations in a complaint. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (emphasis supplied). When ruling on such a motion, then, a court "does not resolve the contests surrounding the facts [or] the merits of a claim." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)). Rather, at this stage, a court considers the complaint as a whole and construes the facts advanced as true, viewing them in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion to dismiss, a complaint must allege sufficient facts to establish each element of a claim asserted. *Goss v. Bank of Am., N.A.*, 917 F. Supp. 2d 445, 449 (D. Md. 2013), *aff'd sub nom.*, *Goss v. Bank of Am., N.A.*, 546 F. App'x 165 (4th Cir. 2013). In addition, a

complaint must satisfy the pleading standard set forth in Fed. R. Civ. P. 8(a) and contain facts "showing" entitlement to relief. *Twombly*, 550 U.S. at 555-56 (complaint must set forth enough facts as to suggest a "cognizable cause of action"). In other words, a complaint must do more than formulaically recite "the elements of a cause of action," or must do more than make "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, *supra* at 555, 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 258 (4th Cir. 2009). A court "must be able to draw the reasonable inference [from the well-pleaded facts] that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

### B.  Pleading Fraud with Particularity

A claim alleging fraud is subject to Fed. R. Civ. P. ("Rule") 9(b), which requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783-84 (4th Cir. 1999). To satisfy the heightened pleading standard set forth in Rule 9(b), a plaintiff "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015) (quoting *Harrison*, *supra,* 176 F.3d at 784). In other words, a plaintiff must plead the "who, what, when, where, and how of the alleged fraud." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (internal quotation marks and citations omitted); *see also U.S. ex rel. Palmieri v. Alpharma, Inc.*, 928 F.Supp.2d 840, 853 (D.Md. 2013).

The purpose of Rule 9(b) is "to prevent frivolous suits, stop fraud actions where everything is learned after discovery (i.e., fishing expeditions), and to protect defendants' reputations." *U.S. ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 195 (4th Cir. 2022). However, a "court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *Id.* (internal quotation marks omitted) (quoting *Harrison*, *supra*, 176 F.3d at 784).

### C.  Consideration of Documents Outside of Pleadings

In general, when a motion is filed pursuant to Fed. R. Civ. P. 12(b)(6), a court generally limits its review to the allegations in the complaint. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citing *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013)). A trial court enjoys "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." *Kelly v. Lease*, Civ. No. RDB-16-3294, 2017 WL 2377795, at *1 (D. Md. May 31, 2017) (quoting 5 C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1366 at 159 (3d ed. 2004, 2011 Supp.)).

There are two circumstances under which a court may consider additional documents outside of the pleading and not convert it to a summary judgment motion: (1) if the documents are explicitly incorporated into a complaint by reference, *Goines*, *supra*, 822 F.3d at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); or (2) when a document was "not attached to or expressly incorporated [by reference] in a complaint," provided that the document "was integral to the complaint and there is no dispute about the document's

11

authenticity." *See Goines*, *supra*, 822 F.3d at 166; (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.,* 484 F.3d 700, 705 (4th Cir. 2007)). Under these circumstances, a court does not run afoul of Fed. R. Civ. P. 12(d). *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

In this case, Plaintiff attached and incorporated by reference the Warranty Booklet and Owner's Manual into the Third Amended Complaint. *See* Third Amended Complaint, ¶¶ 16, 17. Thus, the Court may consider both documents without converting the Motions into summary judgment motions. *See Goines*, *supra*, 822 F.3d at 166; *see also Magness v. Harford Cnty.*, Civ. No. ELH-16-2970, 2018 WL 1505792, at *9 (D. Md. Mar. 27, 2018) ("Because these exhibits have been incorporated into the Amended Complaint, I may consider them without converting the Motion to one for summary judgment").

### D.  Consideration of Affirmative Defenses

A court ordinarily does not consider an affirmative defense, such as the statute of limitations, when a motion is filed pursuant to Rule 12(b)(6).  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc). In other words, a court may exercise its discretion and consider a statute of limitations defense if all facts necessary to the affirmative defense "clearly appear[ ] *on the face of the complaint*." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir.1993)).

### III.    DISCUSSION

#### A.  Statute of Limitations

##### *1.  Defendant Chapman Nissan's Arguments*

Defendant Chapman Nissan contends that the majority of the claims pertaining to it, namely Counts I, II, IV, VI, and VII,[5] are barred by the statute of limitations. (Chapman Nissan Motion, pp. 3-5, 11). Specifically, Defendant Chapman Nissan avers that the "relation back" principle embodied in Fed. R. Civ. P. 15(c) does not operate to make viable Plaintiff's claims against it. According to Defendant Chapman Nissan, then, the aforementioned counts against it should be dismissed with prejudice. (*Id.*).

##### *2.  Plaintiff's Arguments*

Plaintiff maintains that neither the statute of limitations nor Rule 15(c) bar his claims against Defendant Chapman Nissan. (Opposition to Chapman Nissan, pp. 4-11). More specifically, Plaintiff alleges that Defendant Chapman Nissan will not suffer any prejudice under Rule 15(c) for the following reasons: (1) Defendant Chapman Nissan had notice of the suit within the 4(m) period; (2) Plaintiff did not know Defendant Chapman Nissan's identity when the Complaint was initially filed; and (3) Defendant Chapman Nissan had reason to know it was the proper party. (*Id.*).

##### *3.  Analysis*

In order to consider Defendant Chapman Nissan's affirmative defense at this juncture, it must be clear on the face of the First Amended Complaint that the limitations period has run. *Goodman*, 494 F.3d at 464. In other words, the First Amended Complaint must contain sufficient

---

[5] At this juncture, Defendant Chapman Nissan does not contend that Count III is barred by the statute of limitations. (Chapman Nissan Motion, p. 3 n.1).

facts, namely the date in which the causes of action accrue, for the Court to ascertain whether Plaintiff's claims are barred by the statute of limitations.

According to the First Amended Complaint, Plaintiff learned that the subject vehicle was defective when it malfunctioned on October 12, 2019. Plaintiff first named Defendant Chapman Nissan as a party in the First Amended Complaint on January 18, 2023. *See* ECF No. 53. Thus, the facts necessary for the Court to determine whether the limitations period has run are clear on the face of the First Amended Complaint. Accordingly, consistent with *Goodman*, this Court will exercise its discretion and consider Defendant Chapman Nissan's statute of limitations argument.

Under Maryland law, the three-year statute of limitations for civil actions and violations of the Maryland Consumer Protection Act starts to run when the plaintiff knows or reasonably should know of the wrong. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101; *see also* Md. Code Ann., Com. Law § 2-725. Contrary to Plaintiff's and Defendant Chapman Nissan's arguments, Maryland imposes a four-year statute of limitations period for a breach of any contract for sale. *See* Md. Code Ann., Com. Law § 2-725. This cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. *Id.* § 2-725(2). A breach of warranty occurs when tender of delivery is made. *Id.*

A careful review of Plaintiff's First Amended Complaint reflects that the Avis/Budget Defendants rented Plaintiff the subject vehicle on October 12, 2019. (Third Amended Complaint, ¶ 13). That same day, Plaintiff knew or had reason to know that something was wrong with the subject vehicle when it malfunctioned. (Third Amended Complaint, ¶ 27). Thus, the statute of limitations for Plaintiff's claims against Defendant Chapman Nissan expired on October 19, 2022 for Counts I, II, IV, and VII. For Count VI, it expired on October 19, 2023. Thus, the First Amended Complaint was timely filed with respect to Count VI. Accordingly, the question before

14

the Court is whether Counts I, II, IV, and VII against Defendant Chapman Nissan are saved by the relation back doctrine.

As is relevant to the instant case, an amendment of a pleading relates back to the date of the original pleading when:

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(B),(C). Put another way, an amendment that changes the party against who a claim is asserted relates to the original pleading if three conditions are met. First, the claim in the amended complaint must arise out of the same transaction that formed the basis of the claim in the original complaint. Second, the party to be brought in by the amendment must receive notice of the action within the Rule 4(m) period, such that it will not be prejudiced defending itself on the merits. Third, the party to be brought in by the amendment knew or should have known that it would have originally been named a defendant, but for a mistake concerning the identity of the proper party. *See* Fed. R. Civ. P. 15; *see also Goodman*, *supra*, 494 F.3d at 467. If all requirements under Rule 15(c)(1)(C) are met, a court must treat the amended pleading as if it were filed on the date of the initial pleading. *See* Fed. R. Civ. P. 15; *see also Goodman*, *supra*, 494 F.3d at 471.

In this case, the first requirement is easily met as the First Amended Complaint arose from the same occurrence set out in the original Complaint—the incident on October 12, 2019.

Turning to the second requirement, the inquiry before the Court is whether Defendant Chapman Nissan "had adequate notice *within the limitations period* and was not prejudiced by being added to the litigation." *See Goodman*, *supra*, 494 F.3d at 470. (emphasis in original). Fed. R. Civ. P. 4(m) requires a plaintiff to serve a defendant within 90 days after the complaint is filed. Notice within the 4(m) period "need not be formal." *Williams v. Kincaid*, 45 F.4th 759, 775 (4th Cir. 2022), *cert. denied,* 143 S. Ct. 2414 (2023) (internal quotation marks omitted) (quoting *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 554 (2010)).

As a preliminary matter, Plaintiff argues that Rule 4(m) requires service within 120 days of filing the Complaint, absent a showing of good cause. (Opposition to Chapman Nissan, p. 7). However, effective December 1, 2015, the Rule 4(m) period for service of process was shortened from 120 days to 90 days. *See* Fed. R. Civ. P. 4(m), advisory comm. Notes (2015 Amendment). In addition, the 90-day period starts to run from the date that the original complaint is filed. *See generally Gelin v. Baltimore Cnty*, Civ. No. ADC-16-3694, 2023 WL 1863504, at *5 (D. Md. Feb. 9, 2023) (90 days calculated from the date that the original complaint was filed). Accordingly, the Court finds that on July 21, 2022, Plaintiff filed the original Complaint. Thus, the 90 days for purposes of Rule 4(m) is computed using that date, which would be October 19, 2022. *Id.* Thus, Plaintiff had until October 19, 2022 to notify Defendant Chapman Nissan.

Prior to October 19, 2022, Plaintiff did not seek an extension of time to serve Defendant Chapman Nissan. Rather, on November 15, 2022, Plaintiff sought an extension of time to file the First Amended Complaint, which the Court granted upon a finding of good cause. (ECF No. 51). As set forth earlier, the first time that Defendant Chapman Nissan made an appearance in this case

was a on May 9, 2023, which was after the 4(m) period expired. The fact that the Court granted Plaintiff leave to file the First Amended Complaint did not obviate the need for Plaintiff to notify Defendant Chapman Nissan of the pending case, as the Court certainly would not permit Plaintiff to file a pleading that would violate the Fed. R. Civ. P. 4(m) and the law. Indeed, by the time that the Court held its conference on November 15, 2022, the period to notify Defendant Chapman Nissan had already elapsed.

Relatedly, the Court finds that Plaintiff has failed advance any facts or argument that establish that Defendant Chapman Nissan had notice of the instant action before the Rule 4(m) period expired on October 19, 2022. Indeed, Plaintiff fails to allege any facts that he notified Defendant Chapman Nissan before requesting leave from the Court. *See e.g., Williams*, *supra,* 45 F.4th at 775 ("within the 90-day period, plaintiff's counsel informed defendants that they would be named in the Amended Complaint"). Plaintiff's allegation that Defendant Chapman Nissan was on notice because it sold the subject vehicle to the Avis/Budget Defendants is conclusory and fails to communicate how Defendant Chapman Nissan had adequate notice of the instant action within the 4(m) period. Accordingly, the Court finds that Plaintiff failed to demonstrate that notice was proper under the second requirement.

Finally, under the third requirement, Plaintiff must show that Defendant Chapman Nissan knew or should have known that it would have originally been named a defendant, but for a mistake concerning the identity of the proper party. *Goodman*, 494 F.3d at 467. As it relates to the third requirement, a court assesses "what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint.[ ]". *White v. Date Trucking, LLC*, Civ. No. ELH-17-1177, 2018 WL 999963,

at *3 (D. Md. Feb. 21, 2018) (alteration in original) (internal quotation marks omitted) (quoting *Krupski*, 560 U.S. at 548)).

Plaintiff argues that Defendant Chapman Nissan knew or should have known it would be a party to the suit because it sold the subject vehicle to the Avis/Budget Defendants and is represented by the same counsel as Defendant NNA. (Opposition to Chapman Nissan Motion, pp. 4-11). Thus, the Court finds *Goodman* instructive. In *Goodman*, the plaintiff mistakenly only filed suit against the defendant. By the time the plaintiff amended the complaint to add defendant's wholly-owned subsidiary, the proper defendant, the statute of limitations had expired. Thus, the question before the court was whether the relation back rule in Rule 15(c) allowed the plaintiff to amend the complaint to change or add a new party. In other words, the question before the court was whether defendant's wholly-owned subsidiary knew or should have known that it was the proper party to the suit within the Rule 4(m) limitations period. The court found that the wholly-owned subsidiary was "imputed with knowledge" of the claim during the limitations period because the defendants were "closely related business entities represented by the same lawyers," such that it suffered no prejudice to its defense of plaintiff's claims. 494 F.3d at 474-75. Thus, even though the plaintiff's amended complaint was time barred by the statute of limitations, the court found that the amendment related back to the date of the original complaint. 494 F.3d 461-476.

While Plaintiff correctly argues that Defendants Chapman Nissan and NNA are represented by the same attorney, this case is distinguishable from *Goodman*. Specifically, in construing the facts in his favor, the Court finds that Plaintiff fails to make specific allegations to plausibly demonstrate that Defendant Chapman Nissan, a Pennsylvania company, and Defendant NNA, a Tennessee corporation, were "closely related entities" such that Defendant Chapman Nissan was

"imputed with knowledge" of the instant case. (Third Amended Complaint, ¶¶ 10, 11, 13). Moreover, nowhere in the First Amended Complaint does Plaintiff plead facts with sufficient particularity to reasonably infer that because Defendant Chapman Nissan purchased the subject vehicle from Defendant NNA, it knew or should have known that it would be added to the litigation but for Plaintiff's mistake. Indeed, as stated above, Plaintiff failed to provide notice to Defendant Chapman Nissan within Rule 4(m) limitations period. Accordingly, the Court finds that Plaintiff's amendment to add Defendant Chapman Nissan as a party in the First Amended Complaint does not relate back to the date of the original Complaint. *See Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (finding amended complaint did not relate back where plaintiff failed to give notice during the 4(m) period because defendants were prejudiced in defending their claims on the merits).

Because the First Amended Complaint does not relate back to the original Complaint, Counts I, II, IV, and VII against Defendant Chapman Nissan are time-barred as a matter of law, and therefore must be dismissed against Defendant Chapman Nissan.

As held above, Plaintiff timely brought Count VI against Defendant Chapman Nissan. Thus, the Court declines to address whether Count VI is time barred under Rule 15(c) at the motion to dismiss stage. *Goodman*, *supra*, 494 F.3d at 466 (finding "that the face of the complaint does not allege facts sufficiently clear to conclude that the statute of limitations had run, and the district court therefore erred in dismissing the complaint on that basis under Rule 12(b)(6)"). Accordingly, Count VI remains against Defendant Chapman Nissan.

### B.  Count VI-Breach of Express Warranty

#### 1.  *All Defendants: Arguments Related to Count VI*

Although the Defendants advance slightly different arguments as to why Count VI should be dismissed, all Defendants contend that Plaintiff failed to identify with particularity any express

warranty attributable to any of them from which an inference can be drawn that Plaintiff is entitled to relief under Count VI. (NNA Motion, p. 4-6; Avis/Budget Motion, pp. 5-6; Chapman Nissan Motion, pp. 3-5). Specifically, Defendant NNA argues that dismissal is warranted because: (1) Plaintiff failed to identify a specific warranty it made to him; and (2) it is not in privity of contract with Plaintiff and therefore Plaintiff cannot allege a breach. (NNA Motion, pp. 4-6). Next, the Avis/Budget Defendants argue that: (1) Plaintiff failed to identify any express warranty contained in the rental agreement, and (2) an express warranty cannot exist in manuals, advertising, or brochures. (Avis/Budget Motion, pp. 5-6). Finally, Defendant Chapman Nissan argues that the Plaintiff's breach of warranty claim is barred by the statute of limitations. Alternatively, Defendant Chapman Nissan argues that, even if the expiration of the statute of limitations did not bar Plaintiff's claim, Plaintiff has failed to identify an express warranty made by Defendant Chapman Nissan to him. (Chapman Nissan Motion, pp. 3-6).

    2.  *Plaintiff's Arguments*

    Plaintiff counters with several arguments. First, Plaintiff contends that his breach of express warranty claim arises out of: (a) warranties made in the Warranty Booklet and Owner's Manual; (b) the Avis/Budget rental agreement; and (c) statements made by the Avis/Budget Defendants' representative. Second, that neither the statute of limitations issue nor a privity of contract issue apply in this case. Third, that Maryland law recognizes that express warranties exist in manuals, advertising, or brochures. Fourth, because Defendant Chapman Nissan purchased the subject vehicle from Defendant NNA and later sold it to the Avis/Budget Defendants, Defendant Chapman Nissan made the warranties contained in the Warranty Booklet and Owner's Manual to him. Finally, Plaintiff argues that: (1) all of the Defendants warranted that the subject vehicle was reliable and would function as expected; (2) the vehicle failed to conform to the warranties made

by Defendants; and (3) Plaintiff suffered substantial physical injuries as a result of the breach. (Opposition to NNA, pp. 3-7; Opposition to Avis/Budget, pp. 3-8; Opposition to Chapman Nissan, pp. 11-17).

> *3. Analysis*

As a preliminary matter, despite Defendant NNA's argument to the contrary, privity of contract is not required in an action for breach of express warranty involving personal injury. *See KeraLink Int'l, Inc. v. Stradis Healthcare, LLC*, 2021 WL 4420636, at *13 (D. Md. 2021). Thus, the Court will now analyze Plaintiff's breach of warranty claim with respect to each Defendant in accordance with the law.

To state a claim for a breach of an express warranty, a plaintiff must plausibly allege that (1) a warranty existed; (2) the product did not conform to the warranty; and (3) the breach proximately caused the injury or damage. *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 223 (4th Cir. 2009) (internal quotation marks omitted) (quoting *SpinCycle, Inc. v. Kalender*, 186 F. Supp. 2d 585, 589 (D. Md. 2002).

Under Maryland law, an express warranty is created by:

> a)  Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation.
> b)  Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
> c)  Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

Md. Code Ann., Com. Law. § 2-313(1).

A plaintiff must set forth the "terms and conditions of a warranty." *See Moczulski v. Ferring Pharms., Inc.*, Civ. No. JKB-18-1094, 2018 WL 3496433, at *5 (D. Md. July 20, 2018) internal quotation marks omitted) (quoting *Pulte Home Corp. v. Parex, Inc.*, 923 A.2d 971 (Md. Ct. Spec. App. 2007)). In other words, a plaintiff must allege "at some basic level what was warranted and how the defendant's product failed to perform as warranted." *See id.* at *5.

      a.  <u>Defendants NNA and Chapman Nissan - Warranty Booklet</u>

The Court begins by analyzing Plaintiff's express warranty claim against Defendant NNA.

Here, in the Third Amended Complaint, Plaintiff identifies two specific provisions of the Warranty Booklet for which he alleges contain express warranties that the subject vehicle "had good workmanship and would function as expected." (Third Amended Complaint, ¶ 19, 22, 109.). The first warranty provides that:

> Nissan warrants all parts of your 2019 Nissan vehicle supplied by Nissan, except for those listed elsewhere under the caption "WHAT IS NOT COVERED". This warranty is provided to the original and subsequent owner(s) of a Nissan vehicle originally distributed by Nissan which is originally sold by a Nissan authorized Nissan dealership in the United States… This warranty is generally transferable from the original 'owner other than a Nissan dealer' (OWNER) to subsequent owners of the vehicle at any time ownership of the vehicle is transferred, without any action on your part…Your Nissan vehicle is manufactured to meet U.S. regulations and environmental requirements.

(*Id.*, ¶ 19, Warranty Booklet, p. 9). The second warranty, which relates to the Basic Coverage, Powertrain Coverage, Engine, Transmission and Transaxle, and Drivetrain, provides:

> This warranty covers any repairs needed to correct defects in materials or workmanship of all parts and components of each new Nissan vehicle supplied by Nissan subject to the exclusions listed under the heading "WHAT IS NOT COVERED" or, if the part is covered by one of the separate coverages described in the following sections of this warranty…

(Third Amended Complaint, ¶ 22, Warranty Booklet, p. 10). Thus, reviewing the Warranty Booklet and the portions of the Third Amended Complaint that refer to the Warranty Booklet, the Court finds that the Warranty Booklet warrants that Defendant NNA "*covers any repairs* needed to correct defects in materials or workmanship of all parts and components of each new Nissan vehicle supplied by Nissan[.]" *Id*. (emphasis supplied).

As it relates to the second element, Plaintiff alleges that the subject vehicle did not conform to the warranties because it had a defective ECM and the engine, steering wheel, and brakes became inoperable. (Third Amended Complaint, ¶¶ 27, 40, 85). As held above, the Warranty Booklet contains a warranty to "cover any repairs needed to correct defects  in the materials or workmanship of all parts" of the subject vehicle. (Warranty Booklet, p. 10). Although the Third Amended Complaint sets forth facts with sufficient particularity to establish that defects of the subject vehicle, it is devoid of allegations that Defendant NNA failed to cover any repairs needed to correct such defects. *See e.g.,* Third Amended Complaint, ¶¶ 34, 40, 41. Put another way, Plaintiff has identified *what* Defendant NNA warranted—a warranty that covers repairs to correct defects in workmanship—however, Plaintiff failed to allege specific facts that plausibly allege *how* Defendant NNA failed to cover repairs under the warranty. *See Moczulski*, 2018 WL 3496433, at *5. Thus, when construing the facts in his favor, Plaintiff's allegations that Defendant NNA warranted that subject vehicle had good workmanship are extremely vague, conclusory, and fail to identify how Defendant NNA breached its warranty to cover repairs. *See Lincoln, supra*, 2020 WL 5820985, at *9 (denying motion to dismiss where plaintiff alleged that manufacturer failed to repair vehicle despite the manufacturer's promise to remedy defects in its vehicles). Thus, the Court finds that Plaintiff has failed to plausibly allege sufficient facts to establish a breach of an express warranty. Accordingly, Count VI is dismissed against Defendant NNA.

Turning now to Defendant Chapman Nissan, the Court, when construing the facts in the light most favorable to Plaintiff, finds that Plaintiff fails to specifically plead how Defendant Chapman Nissan breached an express warranty that actually applies to it.

As held above, an essential element of an express warranty is an "affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation." Md. Code Ann., Com. Law. § 2-313(1).

Plaintiff alleges that Defendant Chapman Nissan purchased the subject vehicle and sold it to the Avis/Budget Defendants. (Third Amended Complaint, ¶ 11, 76). However, notably absent from the Third Amended Complaint, are any allegations to establish that Chapman Nissan made an affirmation of fact or promise to the Avis/Budget Defendants to create a warranty. *See Hargett v. Snap-On Inc*., Civ. No. WMN-08-3420, 2009 WL 5030708, at *5 (D. Md. Dec. 15, 2009) (finding that plaintiff failed to meet her burden of proof to establish a breach of express warranty claim because no evidence regarding statements that could create an express warranty).

Next, Plaintiff argues that because Defendant Chapman Nissan purchased the subject vehicle from Defendant NNA with the Warranty Booklet, it somehow made express warranties to him that the subject vehicle would be in good working condition. *See* Third Amended Complaint, ¶¶ 39, 76, 107 (Defendant Chapman Nissan "purchased the subject vehicle with all the express warranties and sold the vehicle to the [Avis/]Budget Defendants. Chapman Nissan failed to make the necessary repairs or to maintain the vehicle in a manner that would ensure safety of subsequent users."). To advance his argument, Plaintiff relies on the following provision in Warranty Booklet:

> This warranty is provided to the original and subsequent owner(s) of a Nissan vehicle originally distributed by Nissan which is originally sold by a Nissan authorized Nissan dealership in the United States… This warranty is generally transferable from the

> original 'owner other than a Nissan dealer' (OWNER) to subsequent owners of the vehicle at any time ownership of the vehicle is transferred, without any action on your part.

(Third Amended Complaint, ¶¶ 19, 76; *see also* Warranty Booklet, p. 9) (emphasis added).

The Court finds this argument unavailing. Specifically, Plaintiff has failed to particularly allege an affirmation of fact or a promise by Defendant Chapman that constitutes an express warranty. Even assuming that the Third Amended Complaint plausibly alleged facts to demonstrate an affirmation or promise made by Defendant Chapman Nissan, Plaintiff argument still fails. As Defendant Chapman Nissan correctly argues, absent from the Third Amended Complaint are sufficient factual allegations to establish that Plaintiff was an owner of the subject vehicle, such that the warranty was made to him. Indeed, Plaintiff alleges that he rented the subject vehicle from the Avi/Budget Defendants. (*Id.*, ¶ 20). Thus, drawing all reasonable inferences in favor of the Plaintiff failed to plausibly allege that an express warranty made by Defendant Chapman Nissan. Accordingly, the Court finds that Count VI is dismissed against Defendant Chapman Nissan.

### b. Defendants NNA and Chapman Nissan-Owner's Manual

As stated above, Plaintiff incorporated the Owner's Manual by reference into the Third Amended Complaint, and therefore the Court may consider at this juncture.

Plaintiff alleges that the Owner's Manual "contained express warranties that the car would function properly as expected" (*Id.*, ¶ 15). Despite this general allegation that the Owner's Manual "contained express warranties," the Court has reviewed the Owner's Manual and does not find any passage that contains any verbiage from which a reasonable factfinder could construe "terms and conditions" of an express warranty made by Defendants NNA and Chapman Nissan. In other words, there is no language that describes what was warranted, let alone an express warranty. (ECF

90-1). Thus, even when construing the facts in the light most favorable to the Plaintiff, the Court finds that Plaintiff has failed to sufficiently plead an express warranty contained in the Owner's Manual. *See Moczulski*, *supra*, 2018 WL 3496433, at *5 ("it was not sufficient to merely allege a "warranty" without alleging at some basic level what was warranted and how the defendant's product failed to perform as warranted").

> ### c.  Avis/Budget Defendants-Warranty Booklet, Owner's Manual, and Rental Agreement

As a preliminary matter, to the extent that Plaintiff argues that the Avis/Budget Defendants made express warranties in the Warranty Booklet and Owner's Manual, this argument fails. As held above in Section III.B.3.b, *supra*, Plaintiff failed to plausibly allege facts to demonstrate affirmation of fact or promise between Defendant Chapman and the Avis/Budget Defendants during the subsequent purchase of the subject vehicle.

Turning to the Avis/Budget Defendants' rental agreement, Plaintiff correctly argues that an express warranty can exist in manuals, advertising, or brochures. *See Colburn v. Braun Corp.*, 649 F. Supp. 3d 129, 134 (D. Md. 2023) (denying motion to dismiss where plaintiff alleged that defendant's written sales agreements contained express warranties); *see Pittway Corp. v. Collins*, 409 Md. 218, 237, 973 A.2d 771, 783 (2009) (finding "that the Circuit Court could not have analyzed the breach of express warranty claim properly without examining the documents, including the smoke detector's User's Manual as well as marketing, advertisements, and sales literature, alleged to extend such warranties").

As held above, to state a claim for breach of express warranty, Plaintiff must allege "at some basic level what was warranted and how the defendant's product failed to perform as warranted." *See Moczulski, supra*, 2018 WL 3496433, at *5 (internal quotation marks and citation omitted).

Having reviewed Plaintiff's Third Amended Complaint carefully in the light most favorable to Plaintiff, the Court finds that Plaintiff alleged with sufficient particularity facts to establish what the Avis/Budget Defendants warranted, namely that the subject vehicle would be in good working condition and "would be reliable, working, and of good quality." (Third Amended Complaint, ¶ 111); *see also Id.*, ¶ 110 ("As part of the rental agreement of the subject vehicle, the [Avis/]Budget Defendants warranted that the Nissan Titan truck was in good working condition"). In addition, Plaintiff decided to rent the subject vehicle after the Avis/Budget Defendants' representative stated that it "worked great," and that "everything in it was in working condition." (*Id.*, ¶ 14). Thus, drawing all inferences in Plaintiff's favor, the Court finds that Plaintiff plausibly alleged affirmations and promises, that if proven, could establish a that the Avis/Budget Defendants made an express warranty to him. Thus, the question becomes whether Plaintiff alleges *how* the subject vehicle failed to perform as warranted. *See Moczulski*, 2018 WL 3496433, at *5.

Reading the Third Amended Complaint in the light most favorable to the Plaintiff, the Court finds that Plaintiff pleaded sufficient facts to establish how the subject vehicle failed to perform in good working condition, as the Avis/Budget Defendants warranted. For example, Plaintiff alleges that the subject vehicle had a defective ECM as well as an inoperable steering wheel, engine, and brakes. (Third Amended Complaint, ¶¶ 27, 40, 85). Moreover, Plaintiff alleges that these defects caused the subject vehicle to crash, resulting in serious injuries to his neck. (*Id.*, ¶¶ 22, 44). Thus, reading the Third Amended Complaint in favor of the Plaintiff, the Court finds that Plaintiff adequately pleaded facts that the subject vehicle did not conform to the express warranties contained in the Avis/Budget Defendants' rental agreement. *See Colburn*, *supra*, 649 F. Supp. 3d at 134 (finding discovery was warranted where plaintiff alleged that defendant "expressly warranted to her that the vehicle could be used as a handicapped van pursuant to written

27

sales agreements"). Thus, in drawing all inferences in Plaintiff's favor, the Court finds that Third Amended Complaint contains sufficient facts, if proven, to establish a breach of express warranty claim only as to: (1) the Avis/Budget Defendants' rental agreement; and (2) the statement made by the Avis/Budget Defendants' representative. Accordingly, the Motion is granted as to Count VI against the Avis/Budget Defendants with respect to the Warranty Booklet and Owner's Manual. However, the Motion is denied as to Count VI against the Avis/Budget Defendants with respect to the rental agreement and the statement made by its representative.

### C. Count VII- Fraud Claims

#### 1. *Defendant NNA and the Avis/Budget Defendants Arguments Related to Count VII*

In support of their respective motions to dismiss, the Defendants argue that Plaintiff failed to adequately plead claims of common law fraud and/or fraudulent concealment as required by the heightened pleading standard of Rule 9(b). In particular, Defendants argue that Plaintiff failed to identify a misrepresentation or omission. Therefore, Defendants contend that Count VII must be dismissed. (NNA Motion, pp. 6-9; Avis/Budget Motion, pp. 6-8).

#### 2. *Plaintiff's Arguments*

Plaintiff contends that his fraud claim arises from Defendants' fraudulent concealment and omission of facts to advance his argument that the heightened Rule 9(b) standard does not apply. In addition, Plaintiff avers that he met the relaxed pleading standard and therefore dismissal is not warranted. (Opposition to NNA, pp. 7-11; Opposition to Avis/Budget, pp. 8-13).

#### 3. *Analysis*

A claim alleging fraud is subject to the heightened pleading standard of Rule 9(b). *Harrison*, 176 F.3d at 783-84. In other words, a plaintiff must "state with particularity the circumstances constituting fraud or mistake," yet "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Doll v. Ford Motor Co.*, 814 F. Supp. 2d

526, 537 (D. Md. 2011) (alteration in original) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 9(b)).

     a.  <u>Common Law Fraud</u>

To state a claim for common law fraud in Maryland, a plaintiff must show: (1) a representation made by a party was false; (2) its falsity was known to that party or the misrepresentation was made with reckless indifference to truth; (3) the misrepresentation was made for the purpose of defrauding the plaintiff; (4) the plaintiff relied upon the misrepresentation and had the right to rely upon it with full belief of its truth; and (5) that the plaintiff suffered damage directly resulting from the misrepresentation. *Barr v. Flagstar Bank, FSB*, 303 F. Supp. 3d 400, 415 (D. Md. 2018).

Construing the facts in the light most favorable to the Plaintiff, the Court finds that the Third Amended Complaint simply fails to meet the heightened pleading standard under Rule 9(b). Nowhere in the Third Amended Complaint does Plaintiff allege with particularity what representation was false. Instead, Plaintiff pleads facts that are extremely vague, conclusory, and fail to identify what statements the Defendants consistently made "to market its automobiles, including the subject Nissan Titan 2019 truck, as safe, functional, and reliable." *See* Third Amended Complaint, ¶122. In other words, Plaintiff has failed to plead the "who, what, when, where, and how of the alleged fraud." *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (internal quotation marks and citations omitted); *see also U.S. ex rel. Palmieri v. Alpharma, Inc.*, 928 F.Supp.2d 840, 853 (D.Md. 2013).

Accordingly, even when viewing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff failed to plead facts to state a claim of common law fraud. Thus, the Motions are granted on the common law fraud claim against Defendants NNA and Avis/Budget.[6]

      b.  <u>Fraudulent Concealment</u>

When a fraud claim involves the omission of facts or fraudulent concealment, courts apply a relaxed Rule 9(b) standard because "omissions cannot be described in terms of the time, place, and contents of the misrepresentation." *Lincoln*, *supra*, 2020 WL 5820985, at *11 (internal quotation marks omitted) (quoting *Shaw v. Brown & Williamson Tobacco Corp.*, 973 F. Supp. 539, 552 (D. Md. 1997)).

A claim of fraudulent concealment requires proof of five elements: "the defendant owed a duty to the plaintiff to disclose a material fact, the defendant failed to disclose that fact, the defendant intended to defraud or deceive the plaintiff, the plaintiff took action in justifiable reliance on the concealment, and the plaintiff suffered damages as a result of the defendant's concealment." *Morris v. Biomet, Inc.*, 491 F. Supp. 3d 87, 105 (D. Md. 2020) (citing *Hill v. Brush Engineered Materials, Inc.*, 383 F. Supp. 2d 814, 823 (D. Md. 2005).

First, Plaintiff alleges that Defendant NNA and the Avis/Budget Defendants owed a duty under the Motor Vehicle Safety Act, 49 U.S.C. § 30101–30170 ("Safety Act"). (Opposition to NNA Motion, p. 10; Opposition to Avis/Budget Motion, p. 12). This element is clearly satisfied with respect to Defendant NNA. *See Doll*, 814 F. Supp. 2d at 537 ("[T]he Motor Vehicle Safety Act, 49 U.S.C. § 30101–30170 ("Safety Act"), places a duty on vehicle manufacturers to report vehicle or equipment defects."). Because the Avis/Budget Defendants did not manufacture the subject vehicle, a duty to disclose does not exist under this statute. However, a duty to disclose

---

[6] Count VII against Defendant Chapman Nissan is being dismissed on different grounds. *See* Section III.A.3.

will arise "where the defendant makes an active misstatement of fact, or only a partial or fragmentary statement of fact, which misleads the plaintiff to its injury." *Singh v. Lenovo (United States) Inc.*, 510 F. Supp. 3d 310, 330 (D. Md. 2021) (internal quotation marks omitted) (quoting *Odyssey Travel Center, Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 629 (D. Md. 2003)).

With respect to Defendant NNA, Plaintiff alleges that Defendant NNA intended to deceive Harden because "they had superior knowledge about and access to information about the defects apparent in the vehicle[,]" yet "continued to consistently market" the subject vehicle. (Third Amended Complaint, ¶¶ 122). Construing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff only generally pleads the second element of his fraudulent concealment claim. Put another way, Plaintiff fails to plead with particularity what marketing materials Defendant NNA executed, let alone the statements contained therein, that marketed the subject vehicle as safe. *See Morris v. Biomet, Inc.*, 491 F. Supp. 3d 87 ("finding that plaintiff failed to establish fraudulent concealment claim based on manufacturers' alleged misrepresentations regarding safety because she did not view any marketing materials or other information about Biomet hip replacements prior to her surgery."). Thus, Plaintiff has failed to adequately plead with particularity an essential element of his fraudulent concealment claim. Accordingly, the Motions are granted on the fraudulent concealment claim against Defendant NNA.

As it relates to the Avis/Budget Defendants, after carefully sifting through the Third Amended Complaint, the Court finds that, when construing the articulated facts in his favor, Plaintiff pleaded with adequate particularity a misstatement of fact by the Avis/Budget Defendants. *See* Third Amended Complaint, ¶ 14 ("The [Avis/Budget] sales representative told Plaintiff that the subject vehicle worked great, that Budget Defendants had thoroughly inspected the subject vehicle, and that everything in it was in working condition"). However, Plaintiff makes conclusory

allegations that the Avis/Budget Defendants intended to defraud or deceive him by failing to disclose the defects in the subject vehicle. For example, Plaintiff alleges that the Avis/Budget Defendants had superior knowledge of the subject vehicle's defects because they participate in the rental car business on a daily basis. *See* Third Amended Complaint, ¶ 123 ("They had superior knowledge that the car was defective, was bought on a branded title, had not been given an oil change, had emissions defects, and was the subject of safety and service recalls by the NHTSA"). However, even construing the facts in the light most favorable to the Plaintiff, the Court finds this allegation vague and conclusory. Put another way, Plaintiff failed to adequately plead with particularity facts that a reasonable factfinder could infer demonstrate how the Avis/Budget Defendants' representative was aware of the NHTSA recall and intended to deceive Plaintiff. *See Williams v. Home Properties, L.P.*, Civ. No. MJG 13-2947, 2015 WL 3889783, at *3-4 (D. Md. June 23, 2015) (failure to prove intent to fraud where there is no evidence proving that any employee actually knew of the then-existing misrepresented condition"). Accordingly, the Motions are granted on the fraudulent concealment claim against the Avis/Budget Defendants.

### D.  Punitive Damages

#### 1.  *All Defendants: Arguments Related to Punitive Damages*

The Defendants also argue that all punitive damages claims must be dismissed because Plaintiff failed to allege with sufficient particularity facts to support a reasonable inference that any of them acted with actual malice. (NNA Motion, p. 1; Avis/Budget Motion, pp. 11; Chapman Nissan Motion, pp. 11).

#### 2.  *The Avis/Budget Defendants*

The Avis/Budget Defendants separately contend that Count VI, Count VII, and all counts of punitive damages, should be dismissed with prejudice. (Avis/Budget Motion, p. 10).

### 3. Plaintiff's Arguments

Plaintiff contends that he plausibly alleged entitlement to punitive damages because the Third Amended Complaint contains sufficient facts to support an inference of actual malice as well as willful and wanton conduct by the Defendants. (Opposition to NNA, pp. 11-14; Opposition to Avis/Budget, pp. 13-17; Opposition to Chapman Nissan, pp. 17-21).

### 4. Analysis

Previously, the Court dismissed Plaintiff's punitive damages claims advanced in the Second Amended Complaint, namely those related to counts alleging breach of implied warranty, violation of the Maryland Consumer Protection Act, breach of contract, and breach of express warranties. (ECF No. 76).

In the Third Amended Complaint, Plaintiff seeks an award of punitive damages in connection with different causes of action, namely: Count I: strict liability; Count II: negligence; Count VII: common law fraud; Count VIII: negligent misrepresentation. Third Amended Complaint, ¶¶ 59, 80, 130, 137. Count V (breach of contract) and Count VIII (negligent misrepresentation) are only brought against the Avis/Budget Defendants. The remaining counts are brought against all Defendants.

Under Maryland law, an award of punitive damages requires a showing that the defendant committed fraud with actual knowledge of falsity, coupled with an intent to deceive. *Lawley v. Northam*, Civ. No. ELH-10-1074, 2011 WL 6013279, * at 28 (D. Md. Dec. 1, 2011). In other words, a plaintiff must adequately plead sufficient facts of actual malice to be entitled to punitive damages. *Id.*

As held above, Plaintiff failed alleged with sufficient particularity that Defendants intended to defraud or deceive him. Thus, the Court finds that Plaintiff failed to allege actual malice. Accordingly, the Court dismisses punitive damages related to Counts I, II, VII, and VIII.

### E.  Dismissal with or without Prejudice

Finally, the Avis/Budget Defendants contend that Count VI, Count VII, and all counts of punitive damages, should be dismissed with prejudice. (Avis/Budget Motion, p. 10). Defendant Chapman Nissan contends that Counts I, II, IV, VI, and VII are barred by the statute of limitations and Fed. R. Civ. P. 15(c). (Chapman Nissan Motion, pp. 3-5).

Whether to dismiss a case with or without prejudice lies within the discretion of the Court. *Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (citing *Carter v. Norfolk Cmty. Hosp. Ass'n, Inc.*, 761 F.2d 970, 974 (4th Cir. 1985) ("[D]ismissal under Rule 12(b)(6) is. . .with prejudice unless it specifically orders dismissal without prejudice. That determination is within the district court's discretion.").

 Where a court does not give leave to amend or engage in discussion as to why amendment would be futile, the dismissal should be without prejudice. *King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016). However, where a plaintiff has had the opportunity to amend her complaint to cure any deficiencies, or where amendment would otherwise be futile, dismissal with prejudice is appropriate. *Adkins v. Bank of New York Mellon*, Civ. No. PWG-15-3886, 2017 WL 2215131, at *1 n.2 (D. Md. May 19, 2017) (dismissing claims with prejudice where plaintiff had already unsuccessfully attempted to amend the complaint to remedy deficiencies); *Morrison v. Int'l Union Sec., Police, & Fire Pros. of Am.*, Civ. No. AW-13-01146, 2013 WL 5274280, at *4 (D. Md. Sept. 16, 2013) (dismissing with prejudice, where plaintiff did not request leave to amend or demonstrate that he had any viable claim against defendant).

In this case, Plaintiff has already had several opportunities to amend his complaint to cure any deficiencies. (ECF No. 53; First Amended Complaint; ECF No. 65, Second Amended Complaint; ECF No. 89, Third Amended Complaint). *See Adkins*, *supra*, 2017 WL 2215131, at *1 n.2. In addition, Plaintiff did not seek leave to file a fourth amended complaint after Defendants identified the continued deficiencies in his pleading by filing Requests to Dismiss. Thus, dismissal is also appropriate on this ground. *Cooper v. Bozutto & Assocs., Inc.,* Civ. No. DLB-19-3141, 2020 WL 2085462, at *6 (D. Md. Apr. 30, 2020) (dismissing with prejudice, where plaintiff did not plead facts to raise her claim above the speculative level and did not seek to file a third amended complaint after defendants identified deficiencies in the second amended complaint).

In sum, the Court finds that Plaintiff has repeatedly failed to cure the deficiencies in the Complaint and dismissal with prejudice of Count VI  against Defendants Chapman Nissan NNA is appropriate. For the same reasons, dismissal with prejudice of Count VII against Defendant NNA is appropriate. Similarly, dismissal with prejudice of Count VII against the Avis/Budget Defendants is appropriate. Furthermore, as held above, Counts I, II, IV and VII against Defendant Chapman Nissan are barred by the statute of limitations. Thus, amendment would be futile. *Adkins*, *supra*, 2017 WL 2215131, at *1 n.2. Accordingly, the dismissal with prejudice of Counts I, II, IV and VII against Defendant Chapman Nissan is appropriate.

## IV.    CONCLUSION

For the foregoing reasons:

1) The motions to dismiss, (ECF Nos. 94, 95, 97), with respect to the Third Amended Complaint, (ECF No. 89), are **GRANTED**:

a. Count VI, as to the Avis/Budget Defendants, only with respect to the Warranty Booklet and Owner's Manual. Those parts of Count VI are **DISMISSED WITH PREJUDICE.**

b. Count VI against Defendants Chapman Nissan and Nissan North America is **DISMISSED WITH PREJUDICE.**

c. Count VII against Defendants Chapman Nissan and Nissan North America is **DISMISSED WITH PREJUDICE**.

d. Count VII against the Avis/Budget Defendants is **DISMISSED WITH PREJUDICE.**

e. Counts I, II, and IV are **DISMISSED WITH PREJUDICE** against Defendant Chapman Nissan.

2) The following Counts remain:

a. Count I (Nissan North America and Avis/Budget Defendants);

b. Count II (Nissan North America and Avis/Budget Defendants);

c. Count III (all Defendants);

d. Count IV (Nissan North America and Avis/Budget Defendants);

e. Count V (Avis/Budget Defendants);

f. Count VI (Avis/Budget Defendants), only as to the rental agreement and the representative's statement; and

g. Count VIII (Avis/Budget Defendants).

A separate Order will follow.

Dated: March 27, 2024                                    _____/s/_____
                                                        The Honorable Gina L. Simms
                                                        United States Magistrate Judge